IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SANTIAGO MELENDEZ, et al.,

    **Plaintiff(s)**

           **v.**

MIGUEL MUñIZ ESTRADA, et al.,

    **Defendant(s)**

**CIVIL NO.** 10-1891 (JAG)

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

    Before the Court is Defendants' Motion to Dismiss Plaintiffs' § 1983 Complaint for civil rights violations (Docket No. 8). Plaintiffs claim violations to their rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution.[1]

    Below, the facts as portrayed by the Plaintiffs in their complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

    On the night of September 16, 2009 Plaintiffs Arlene Castro (hereinafter "Castro") and Santiago Melendez (hereinafter "Melendez") were riding around San Juan when they decided to

---

[1]  Plaintiffs also purport to have a cause of action for violations to their rights under the Ninth Amendment to the Constitution of the United States. The Ninth Amendment, however, creates no substantive rights, and only refers to those otherwise conferred by law. Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007); Vega Rodriguez v. P.R. Tel. Co., 110F.3d 174, 182 (1st Cir. 1997).

Civil No. 10-1891                                                    2

stop at an establishment by the name of "El Reencuentro" for
some refreshments. Castro would wait in the car while Melendez
picked up the order accompanied by his minor cousin, Bryan, who
was along for the ride.

Shortly after Plaintiffs rode away from El Reencuentro,
Castro noted a tinted vehicle following close behind. As
Plaintiffs entered the free way, Castro noticed a man inside the
tinted vehicle pointing a firearm towards her; the tinted
vehicle was now positioned alongside Plaintiffs'. Upon noticing
the firearm, Castro accelerated abruptly and the man in the
tinted vehicle responded with several gun shots. Plaintiff
Melendez was shot once in the right eye, and young Bryan was
shot four times. Castro suffered various lacerations to her left
arm.

The ensuing chase ended when Plaintiffs encountered a
police vehicle on Domenech Street and stopped for help.  One of
the agents in the police patrol car was Oficer Francisco Rivera
Graud (hereinafter "Officer Rivera"). As Plaintiffs parked their
vehicle near the patrol car, the tinted vehicle that had been
chasing Plaintiffs arrived, and from it emerged Officer Miguel
A. Muñiz Estrada (hereinafter "Officer Muñiz"), whom Plaintiff
Melendez remembered seeing at El Reencuentro. Officer Muñiz
began shouting to Officer Rivera and other police at the scene
that Plaintiffs had robbed him and El Reencuentro of five

Civil No. 10-1891                                                                3

hundred dollars; presumably the reason why he had been chasing and shooting at Plaintiffs.

Police searched Plaintiffs' vehicle and found no weapons. Each Plaintiff was searched individually, as were their personal effects, and eighty four dollars were found in Plaintiff Castro's purse.

After a search of Officer Muñiz's car, the tinted vehicle, police tallied ten bullet casings.

Plaintiff Castro was taken into custody by Officer Rivera and was detained for two days. She was then taken to a probable cause hearing were the false testimony of Defendants led the presiding judge to determine there was probable cause to acuse Castro of weapons charges. Castro was released on bail. The charges against her were later dismissed in January, 2010.

Based on the same testimony proffered by Defendans against Castro, probable cause was also found to accuse Plaintiff Melendez of weapons charges. Plaintiff Melendez, apparently unable to post bail, was held for a month until the state dropped the charges against him as well.

Plaintffs have brought suit for violations to their civil rights. Defendants' Motion to Disimiss for failure to state a claim is now before the Court.

**STANDARD OF REVIEW**

<u>Motion to Dismiss Standard of Review</u>

Civil No. 10-1891                                                    4

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), the Supreme Court held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." <u>Rodriguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 95-96 (1st Cir. 2007) (quoting <u>Twombly</u>, 550 U.S. at 599). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. <u>See Correa-Martinez v. Arrillaga-Belendez</u>, 903 F.2d 49, 51 (1st Cir. 1990). While <u>Twombly</u> does not require of plaintiffs a heightened fact pleading of specifics, it does require enough facts to have "nudged their claims across the line from conceivable to plausible." <u>Twombly</u>, 550 U.S. at 570. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." <u>Id.</u> at 555.

In <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937 (2009), the Supreme Court upheld <u>Twombly</u> and clarified that two underlying principles must guide this Court's assessment of the adequacy of a plaintiff's pleadings when evaluating whether a complaint can survive a Rule 12(b)(6) motion. See <u>Iqbal</u>, 129 S.Ct. at 1949-50.

The First Circuit has recently relied on these two principles as outlined by the Supreme Court. See <u>Maldonado v.</u>

Fontanes, 568 F.3d 263, 266 (1st Cir. 2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 129 S.Ct. at 1950 (citing Twombly, 550 U.S. at 556). Thus, any nonconclusory factual allegations in the complaint, accepted as true, must be sufficient to give the claim facial plausibility. Iqbal, 129 S.Ct. At 1950. Determining the existence of plausibility is a "context-specific task" which "requires the court to draw on its judicial experience and common sense." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." Id. at 1950-51 (citing Twombly, 550 U.S. at 567).

## DISCUSSION

Plaintiffs claim violations of their Eighth Amendment rights against the imposition of cruel and unusual punishment.

U.S. Const. amend. VIII. However, the Eighth Amendment applies only after the state has secured an adjudication of guilt. Martinez Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007). No conviction was delivered against either of the Plaintiffs to this action. Hence, Melendez and Castro never fell under the protection of the Eighth Amendment. The motion to dismiss is granted on Plaintiffs' claims of violations to their Eighth Amendment rights.

Plaintiffs also allege a cause of action for malicious prosecution against Defendants. Though the issue of what Constitutional provision supports a § 1983 claim of malicious prosecution has not been entirely resolved, it is clearly not pursuant to Due Process. Albright v. Oliver, 510 U.S. 266 (1994). Though somewhat timidly, recent claims of malicious prosecution in the First Circuit have been analyzed, as suggested by Justice Souter, Albright, 510 U.S. at 289., under the Fourth Amendment. Harrington v. City of Nashua, 610 F.3d 24 (1st Cir. 2010). To establish a claim of malicious prosecution of constitutional proportions, a plaintiff must properly plead that (1) a criminal action has been been initiated against him by defendants acting under color of state law; (2) the criminal action ended in plaintiff's favor; (3) defendants acted with malice and without probable cause, and; (4) plaintiff's Fourth Amendment rights were violated as a result. Rodríguez Esteras v.

Civil No. 10-1891                                                    7

<u>Solivan Díaz</u>, 266 F. Supp. 2d 270, 279 (D.P.R. 270 (*Citing*
<u>Torres v. Sueprintendent</u>, 893 F.2d 404, 409 n.7 (1st Cir. 1990),
for the elements of a Puerto Rico law cause of action for
malicious prosecution under Article 1802, *and* <u>Roche v. John
Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 256 (1st Cir. 1996), for
the requirement of a Fourth Amendment deprivation of liberty in
order to properly bring malicious prosecution suit under §
1983). A claim of malicious prosecution in violation of the
Fourth Amendment turns on the deprivation of liberty pursuant to
legal process. <u>Nieves v. McSweeney</u>, 241 F.3d 46, 54 (1st Cir.
2001)(*Citing* <u>Heck v. Humphrey</u>, 512 U.S. 447, 484 (1994) *and*
<u>Calero v. Betancourt</u>, v. 68 F.3d 1, 3 (1st Cir. 1995). Legal
process is normally prompted by the issuance of an arrest
warrant or a charging document. <u>Nieves</u>, 241 F.3d at 54.

   Plaintiffs have not pled sufficient facts to uphold a claim
of Fourth Amendment malicious prosecution against Defendant
Rivera. Defendant Rivera arrested and aided in the prosecution
of Plaintiffs pursuant to Defendant Muñiz's version of the facts
as conveyed during the arrest; that Plaintiffs had robbed him
and El Reencuentro. Though Defendant Muñiz's utterings may have
been false, this was unbeknownst to Defendant Rivera, who
arrested Plaintiffs pursuant to probable cause and later
testified accordingly at the probable cause hearing. Defendant
Rivera is thus shielded from liability. <u>Meehan v. Plymouth</u>, 167

Civil No. 10-1891                                                        8

F.3d 85, 89 (1st Cir. 1999). The motion to dismiss is granted on Plaintiffs' claims of Fourth Amendment malicious prosecution against Defendant Rivera.

Plaintiff Castro has not pled sufficient facts to uphold a claim of Fourth Amendment malicious prosecution against Defendant Muñiz. There are no facts that point to a deprivation of liberty after her arraignment. As per her own version of the facts, upon a finding of probable cause, she was released on bail. Nieves, 241 F.3d at 54. Therefore, the motion to dismiss is granted as to Plaintiff Castro's claim of § 1983 malicious prosecution against Defendant Muñiz.

Plaintiff Melendez's fate, however, was quite different. Unable to post bail, he was held for approximately one month after a finding of probable cause, based in large part on Defendant Muñiz's presumptively false testimony, and released after the government dismissed the charges against him. Hence, Plaintiff Melendez has pled to the Court's satisfaction that Defendant Muñiz initiated a criminal action against Plaintiff Melendez, without probable cause, that concluded in Plaintiff's favor. Rodriguez Esteras, 266 F. Supp. 2d at 279. Plaintiff Melendez was effectively deprived of his liberty as a result of a criminal procceding, which was ultimately prompted by Defendant Muñiz's baseless acusations. Nieves, 241 F.3d at 54. Defendant's motion to dismiss is denied as to Plaintiff

Melendez's claim of § 1983 malicious prosecution against Defendant Muñiz.

Finally, Plaintiffs claim violations to their Fourth Amendment rights, due to Defendant Officer Muñiz's excessive use of force on the evening of September 16, 2009.

Claims of excessive force on the part of government agents arising in the context of an arrest or seizure, are analyzed under the Fourth Amendment's reasonableness standard. <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989); <u>Gonzalez Mercado v. Municipality of Guaynabo</u>, 206 F. Supp. 2d 257, 260-261 (D.P.R. 2002). In order to set forth a claim of Fourth Amendment excessive use of force, a plaintiff must aver sufficient facts to establish that the officer's use of force was objectively unreasonable under the circumstances. <u>Isom v. Town of Warren</u>, 360 F.3d 7, 10 (1st Cir. 2004). The query cannot be addressed in hindsight. The fact finder must instead analyze the events from the perspective of a reasonable officer on the scene. <u>Isom</u>, 360 F.3d at 10. Among the factors that should be considered are, the severity of the alleged crime, whether the suspect is resisting arrest or is a risk of flight, and wether the suspect poses a safety risk to others. <u>Isom</u>, 360 F.3d at 11 (*Citing* <u>Graham</u>, 490 U.S. at 396; <u>Bastien v. Goddard</u>, 279 F.3d 10, 14 (1st Cir. 2002).

Plaintiffs have clearly met the pleading standard for a claim of excessive use of force, in violation of their Fourth

Amendment rights. Plaintiffs committed no crime, nor did they pose any sort of danger to anyone. Their attempt to speed away from Defendant Muñiz's vehicle was, to say the least, prudent, obvious and expected under the circumstances. The sight of a tinted vehicle with an unknown armed person inside who subsequently fires gun shots, whould prompt such a response from any sane individual. Given the totality of the circumstances, Officer Muñiz conduct, as alleged by Plaintiffs, was clearly unreasonable. Isom v. Town of Warren, 360 F.3d at 10.

There are however, no allegations of conduct on the part of Officer Rivera that amount to a violation of the Fourth Amndment. In fact, the only allegation entailing arrest and seizure in which Officer Rivera took part was when the latter arrested Plaintiffs upon Officer Muñiz implicating them in a robbery. No excessive use of force, or other misconduct, is alleged against Rivera that implicates the Fourth Amendment.

Accordingly, Defendants motion to disimiss Plaintiff's claims of excessive force under the Fourth Amendment is granted as to Officer Rivera, and denied as to Officer Muñiz.

### CONCLUSION

Defendant's motion to dismiss Plaintiffs' complaint is hereby **GRANTED** in part and **DENIED** in part. The motion is denied as to Plaintiffs' claims of Fourth Amendment excessive use of force against Defendant Muñiz, and Plaintiff Melendez's claim of

Civil No. 10-1891                                                       11

§ 1983 malicious prosecution against Defendant Muñiz. All other claims are hereby dismissed with prejudice.

     IT IS SO ORDERED.

     In San Juan, Puerto Rico, this 18th day of August, 2011.


<u>S/Jay A. Garcia-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge